UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Cr. No. 07-257 (HHK) |
| : | |
| : | Violations: |
| : | 18 U.S.C. § 201(b)(2)(A) (Receipt of Bribes |
| v. : | by a Public Official) |
| : | |
| : | |
| ERIC A. SHANNON, : | **FILED** |
| : | |
| Defendant : | OCT 2 5 2007 |
| : | |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

### STATEMENT OF OFFENSE

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant ERIC A. SHANNON ("SHANNON") agrees and stipulates as follows:

1. SHANNON lives on Seventh Street, NW, in Washington, D.C. SHANNON was a Sanitation Supervisor for the District of Columbia Department of Public Works and a pubic official as defined in 18 U.S.C. § 201(a)(1). SHANNON has been a D.C. employee since 1999, and his office is at 1338 G Street, SE, Washington, D.C.

2. The Criminal Division of the District of Columbia Office of the Attorney General runs a Community Service Diversion Program for, primarily, first-time offenders. Under that program, offenders agree to perform community service; and if an offender completes his or her community service obligations, and does not violate any law, court order, or further condition of the Diversion Program, the Office of the Attorney General will dismiss the offender's pending case.

3. The District of Columbia Department of Public Works, where SHANNON was a Sanitation Supervisor, participates in the Community Service Diversion Program by providing opportunities for offenders to complete their community service obligations. The Department of Public Works has offenders clean alleys and street signs, remove leaves, cut grass, and remove graffiti, among other things.

4. Offenders who chose to complete their community service work with the Department of Public Works are instructed to report to the lobby of the Reeves Center Office Building, at 2000 14th Street, NW, Washington, D.C., at 6:30 a.m. on Saturdays. The Department of Public Works runs a similar program on Sunday mornings. There are typically fewer than six individuals who participate in the Department of Public Work's weekend community assignments on any given weekend. The participants typically work from 6:30 a.m. until 3:00 p.m. Over the course of a year, approximately 300 offenders complete their community service obligations by working on the weekends for the Department of Public Works.

5. As a Sanitation Foreman, SHANNON implemented the weekend community service assignments for the Department of Public Works. SHANNON would meet offenders at the Reeves Center on weekend mornings, assign community service work to offenders who were present, and maintain records of the number of community service hours completed. When an offender completed his or her community service obligation, SHANNON filled in information on a pre-printed letter on Department of Public Works stationery, including the date, the name of the offender, the dates of community service, and the number of hours completed. The offender would thus have written proof to provide to the Office of Attorney General that he or she met the obligations under his or her Community Service Diversion Agreement.

6. It was SHANNON's scheme and intent to use his official position as Sanitation Supervisor of the Department of Public Works to demand and accept bribes from offenders who were supposed to be completing their community service obligations under their Diversion Agreements. In return for cash payments, SHANNON would allow offenders to leave without completing any of their community service hours yet would sign forms falsely stating that particular offenders had in fact completed their community service obligations.

7. From in or about 2006 through in or about June 2007, in the District of Columbia, SHANNON, a public official, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept things of value personally and for others, in return for being influenced in the performance of an official act, that is, signing District of Columbia Department of Public Works letters falsely stating that individuals had successfully completed specified hours of community service.

8. Thus, on at least six occasions, SHANNON solicited and receives bribes in the District of Columbia ranging from $50 to $400 in return for giving offenders signed statements attesting to their completion of community service hours while allowing those offenders to leave without completing their required community service. On those occasions, SHANNON would, in return for U.S. currency, provide a post-dated letter on Department of Public Works stationery falsely stating that the offender had completed a specified number of community service hours—letters the offenders could then use (1) to claim they had completed all requirements of their Community Service Diversion Program Agreement with the Office of the Attorney General and (2) to seek dismissal of their criminal cases.

9. For example, on or about June 23, 2007, in his truck parked outside the Reeves Center Office Building, at 2000 14th Street, NW, in the District of Columbia, SHANNON solicited and accepted $400 from an individual in return for providing a signed letter on Department of Public Works stationery falsely stating that the individual had completed 88 hours of community service between June 23, 2007 and July 29, 2007, when, in truth, (1) the individual had not completed any community service hours; (2) SHANNON had corruptly agreed that the individual never would have to complete any of his community service hours; and (3) the letter was signed on June 23, 2007, but asserted that the individual had already completed future community service hours up to and through July 29, 2007.

**DEFENDANT'S ACCEPTANCE**

I have read every word of this four-page Statement of Offense. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and after consulting with my attorney, I agree and stipulate to this Statement of Offense.

Date: 10/25/07

Eric A. Shannon
Defendant


I have discussed this Statement of Offense with my client, Mr. Shannon. I concur with his decision to stipulate to this Statement of Offense.

Date: 10/26/07

Danielle C. Jahn, Esquire
Counsel for the defendant