UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Cr. No. 07-257 (HHK) |
| v. | : | |
| ERIC A. SHANNON, | : | |
| Defendant | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing.

### INTRODUCTION

Most bribery cases involve the corruption of one particular government agency. The corruption can be widespread or more focused, but the overall impact is predominantly on one particular governmental entity. Even such contained, run-of-the-mill bribery cases eat away at the community's confidence in their government, leading citizens to greater cynicism, feelings of helplessness, and a greater willingness to resort to self help instead of relying on and obeying the civil authority.

Eric Shannon's bribery scheme was and is so troubling because he corrupted <u>two</u> branches of government and <u>three</u> different governmental entities. As to the executive branch, he undermined confidence in his own agency, the District of Columbia Department of Public Works, and he subverted the mission of the District of Columbia's Office of the Attorney General. As to the judicial branch, he gave offenders the devastating mis-impression that justice was for sale in the District of Columbia Superior Court.

Mr. Shannon's punishment must take into account the nature and impact of his bribery scheme. Equally important, it should serve the goal of deterring other government officials from using their public offices for private gain.

**BACKGROUND**

The Criminal Division of the District of Columbia Office of the Attorney General runs a Community Service Diversion Program for first-time offenders. Under that program, offenders agree to perform community service; and if an offender completes his or her community service obligations, and does not violate any law, court order, or further condition of the Diversion Program, the Office of the Attorney General will dismiss the offender's pending case.

Mr. Shannon was a Sanitation Supervisor for the District of Columbia Department of Public Works. He had been a District employee since 1999. The Department of Public Works participated in the Community Service Diversion Program by providing opportunities for offenders to complete their community service obligations. The Department had offenders clean alleys and street signs, remove leaves, cut grass, and remove graffiti.

Offenders who chose to complete their community service work with the Department of Public Works were instructed to report to the lobby of the Reeves Center Office Building, at 2000 14th Street, NW, Washington, D.C., at 6:30 a.m. on Saturdays. The Department ran a similar program on Sunday mornings. Offenders would typically work from 6:30 a.m. until 3:00 p.m. Over the course of a year, approximately 300 offenders completed their community service obligations by working on the weekends for the Department of Public Works.

As a Sanitation Foreman, Mr. Shannon ran the weekend community service assignments for the Department of Public Works. He would meet offenders at the Reeves Center on weekend mornings, assign community service work to offenders who were present, and maintain records of the number of community service hours completed. When an offender completed his or her community service obligation, Mr. Shannon would complete a pre-printed letter on Department of Public Works stationery, including the date, the name of the offender, the dates of community service, and the number of hours completed. The offender would thus have written proof to provide to the Office of Attorney General that he or she met the obligations under his or her Community Service Diversion Agreement.

Mr. Shannon used his official position as Sanitation Supervisor of the Department of Public Works to demand and accept bribes from offenders who were supposed to be completing their community service obligations under their Diversion Agreements. In return for cash payments, Mr. Shannon would allow offenders to leave without completing any of their community service hours yet would sign forms falsely stating that particular offenders had in fact completed their community service obligations.

On at least six occasions, Mr. Shannon solicited and received bribes ranging from $50 to $400 in return for giving offenders signed statements attesting to their completion of community service hours while allowing those offenders to leave without completing their required community service. In return for the bribe, Shannon would provide offenders a post-dated letter on Department of Public Works stationery falsely stating that they had completed a specified number of community service hours—letters the offenders could then use (1) to claim they had completed all requirements of their Community Service Diversion Program Agreement with the Office of the Attorney General and (2) to seek dismissal of their criminal cases in D.C. Superior Court.

For example, on or about June 23, 2007, Mr. Shannon solicited and accepted $400 from an individual in return for providing a signed letter on Department of Public Works stationery falsely stating that the individual had completed 88 hours of community service between June 23, 2007 and July 29, 2007, when, in truth, (1) the individual had not completed any community service hours; (2) Mr. Shannon had corruptly agreed that the individual never would have to complete any of his community service hours; and (3) the letter was signed on June 23, 2007, but asserted that the individual had already completed future community service hours up to and through July 29, 2007.

## GOVERNMENT'S POSITION ON SENTENCING

**I.     Mr. Shannon Deserves a Significant Punishment Under the Guidelines.**

The parties have stipulated, and the Probation Office has found, that Mr. Shannon has a guidelines level of 13 under the United States Sentencing Guidelines. That level calls for a sentence of 12 to 18 months. The parties have agreed not to seek a departure under the guidelines. Plea Agreement at 3. The parties further agreed "that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a)." Id.

**II.    Mr. Shannon Deserves a Significant Punishment Under Section 3553.**

The government respectfully submits that the factors under 18 U.S.C. § 3553(a) support a sentence at the top of the guidelines range.

A. Nature of the Offense

When a representative of the District of Columbia's Office of the Attorney General provides an offender the opportunity to obtain dismissal of a criminal case in return for the offender's completion of community service, he or she has the right to expect that the offender will in fact complete his or her community service.

When a judicial officer in the Superior Court of the District of Columbia (or any court, for that matter) agrees to dismiss a pending criminal case on the basis of a representation that a defendant has completed community service, he or she has a right to expect that his or her decision will be based on truthful representations.

When a District of Columbia agency employs a supervisor to implement a weekend community service program that involves cleaning City streets, the agency has a right to expect that its employee will do the job for which he is paid and that he will not accept bribes in return for allowing offenders not to complete their required community service.

Mr. Shannon did not undermine those three government entities and their reasonable expectations on just one occasion. He did so over and over again, demanding and accepting at least six bribes.

B. History and Characteristics of the Defendant

Mr. Shannon is healthy. He has no continuing physical or mental health issues. He has a strong connection to his faith.

Mr. Shannon grew up in a loving, intact, two-parent home. He reports having had a "good upbringing," and he continues to have strong, positive relationships with his parents and siblings.

Mr. Shannon has the love of his wife and children.

Mr. Shannon is without drug or alcohol problems.

At the time of this scheme, Mr. Shannon had a supervisory position at the D.C. Department of Public Works.

In short, unlike many of the defendants sentenced by the Court, there is nothing in Mr. Shannon's history or characteristics to mitigate or justify his conduct in this case.

C. The Need for the Sentence to Reflect the Seriousness of the Offense

A sentence at the top of the guidelines range would reflect the seriousness of Mr. Shannon's crime and would provide just punishment for his actions.

D. The Need for the Sentence to Afford Adequate Deterrence

When it comes to public corruption, an "everyone does it" mind set has to be removed from the culture pervading our government agencies and our community at large. A sentence at the top of the guidelines range would send a powerful, salutary message of deterrence to others who might be tempted to follow Mr. Shannon's corrupt path: if you use your public office for private, illicit gain, you will face sure, swift, and severe punishment.

## CONCLUSION

The United States respectfully requests that the Court sentence Mr. Shannon at the high end of the guidelines range, and in accordance with the factors articulated in 18 U.S.C. § 3553(a), to punish him for his conduct and to deter others who might consider using their public office for private gain, not public good.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  *[signature]*

Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, NW
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov