UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Cr. No. 07-257 (HHK) |
| v. | : |
| ERIC A. SHANNON, | : |
| Defendant | : |

## GOVERNMENT'S REPLY TO DEFENDANT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to defendant's sentencing memorandum.

**I.   The Sentence Should Send a Powerful Message of Deterrence to Public Officials.**

Defendant contends that "imposition of a sentence of imprisonment * * * would serve no purpose other than punishment." Def. Mem. at 8. The government respectfully disagrees.

One of the most important values at stake in Mr. Shannon's sentencing is deterrence. As a matter of principle, government officials should not use their public office for private gain. But, as a matter of policy, public officials will be less likely to give in to temptation only if they know that the punishment for bribery will be sure, swift, and severe.

Regrettably, some of our public officials hold a far different view: that everyone does it (accept bribes) or, relatedly, that it is not a big deal to accept bribes.

It is not hard to find the latter view, for it can be found in defendant's sentencing memorandum and two of the letters submitted on his behalf. One of those letters is from a paralegal in the Office of the Attorney General for the District of Columbia who represents herself to be the "point person" for the diversion program—the very program undermined by Mr. Shannon's conduct. She states, remarkably, that Mr. Shannon "helped the [community service] program run smoothly and efficiently." Def. Mem. Ex. 5 (Letter from Jacqueline Scott Hall). A second letter was submitted on defendant's behalf from a supervisor at the Department of Public Works, who states that she would rehire the defendant if she could. See id. (Letter from Marcella Barnes Johnson).

First, those two employees do not speak for their respective agencies. The Director of the Department of Public Works, William O. Howland, Jr., has submitted a letter to the Court on behalf of his agency. His letter states in part:

> "No District employee should ever take bribes in connection with his or her employment and for violating that standard alone Mr. Shannon should be punished. However, what makes Mr. Shannon's crime especially troubling is that he was participating in a program designed to help offenders perform a community service to repay the community for their offense, and to encourage offenders to become law-abiding people. Instead, his actions told offenders that the way to address their problems was to commit yet another offense, and to do so with the help of a government employee."

Exhibit 1, Letter from Mr. Howland.

Similarly, the Acting Chief of the Criminal Section of the Office of the Attorney General has written to the Court in favor of a strong sentence that serves the goal of deterrence:

> "OAG would ask that the sentence that you give to Mr. Shannon be sufficient not only to deter his further law violations, but be one that we can hold out to other D.C. employees as an example of what they can expect if they take bribes that undermine the integrity of the Court system."

Exhibit 2, Letter from Mr. Rosenthal.

Second, the two letters submitted on Mr. Shannon's behalf are especially troubling because the District paralegal and supervisor who wrote them display no sense of shame in having done so; they feel nothing strange about complimenting a corrupt public official for the very work he did that led to his conviction. Mr. Shannon, by choosing to submit the two letters and by drawing attention to them in his sentencing memorandum, compounds the error: he apparently sees nothing wrong in another public official describing his bribe-influenced work on the diversion program as making the program run smoothly and efficiently.

This lack of shame gets at the root of the problem. Mr. Shannon may be a very decent human being, outside work. But unless and until public officials in Mr. Shannon's shoes feel that they cannot and should not use their public office for gain, and their fellow employees share that feeling, our City may continue to be mired in dispiriting public corruption.

The best and most forceful way to instill these feelings is to make public officials dread the punishment for bribery; and the best way to instill that feeling is by incarcerating the public officials who are caught.

## CONCLUSION

The United States respectfully requests that the Court sentence Mr. Shannon at the high end of the guidelines range.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorney
Fraud & Public Corruption Section
555 4th Street, NW
Washington, D.C. 20530
(202) 353-4862
timothy.lynch2@usdoj.gov

GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF PUBLIC WORKS



Office of the Director

February 19, 2008

The Honorable Henry Kennedy, Jr.
United States District Court
333 Constitution Avenue, N.W.
Washington, D.C. 20001

Dear Judge Kennedy:

I am writing this letter to provide you with information to consider when sentencing Eric Shannon. He is a former employee of the Department of Public Works who was recently convicted of accepting bribes in connection with his job supervising offenders participating in the District of Columbia's Community Service Diversion Program. Mr. Shannon violated the public trust, and the trust that the Department and the District of Columbia placed in him when appointing him to his position.

No District employee should ever take bribes in connection with his or her employment and for violating that standard alone Mr. Shannon should be punished. However, what makes Mr. Shannon's crime especially troubling is that he was participating in a program designed to help offenders perform a community service to repay the community for their offense, and to encourage offenders to become law-abiding people. Instead, his actions told offenders that the way to address their problems was to commit yet another offense, and to do so with the help of a government employee. Mr. Shannon violated both the public trust and his special obligation to offenders selected to participate in the diversion program.

I understand that you received a letter from another Department employee suggesting that Mr. Shannon would be welcome to return to work. That employee did not speak for the Department. Mr. Shannon has violated the law, the public trust and the policies of this Department. I urge you to consider these facts when sentencing Mr. Shannon.

If I can provide you with any further information, please let me know.

Yours truly,

William O. Howland, Jr.
Director

# GOVERNMENT OF THE DISTRICT OF COLUMBIA

## Office of the Attorney General for the District of Columbia



Public Safety Division
Criminal Section

February 20, 2006

The Honorable Henry H. Kennedy
United States District Judge
333 Constitution Avenue, NW
Washington, D.C. 20001
February 20, 2008

Re: United States v. Eric A. Shannon
    Cr. No. 07-257

Dear Judge Kennedy:

On behalf of the Office of the Attorney General for the District of Columbia (OAG), I would like to share with you our concern with the way that Mr. Shannon's illegal activities undermined our diversion programs.

As you are aware, OAG developed diversion programs to allow certain defendants who have violated the law an opportunity to learn from their mistakes and improve the quality of life for the citizens of the District. In exchange for participating in these programs, OAG dismisses the cases against these defendants so that they avoid having a criminal record.

OAG entered into an agreement with the Department of Public Works (DPW) for them to oversee the community service hours for some of the diverted defendants. DPW in turn put its trust in Mr. Shannon, not only to ensure that defendants completed the requirements of their diversion agreements, but also to ensure that the DPW-supervised crews completed the work that was assigned to them to improve the quality of life in the City.

Mr. Shannon undermined our diversion program. Rather than encourage defendants to learn from the diversion process and avoid further law violations, he encouraged them to further violate the law. It is our understanding that for a price Mr. Shannon would provide false proof of diversion program completion. These false proofs were to be provided to our Office so that we would dismiss the criminal cases. As a result of Mr. Shannon's actions the following occurred:

- Mr. Shannon received payments to falsify government letters of diversion completion.

Dave Rosenthal
02/20/08
Page 2

- Defendants learned that D.C. officials were corrupt and that they could pay their way out of consequences for criminal behavior.
- DPW projects that were staffed by diverted defendants did not receive the assistance that they should have.
- Relying on Mr. Shannon's letters, OAG dismissed criminal cases.

OAG would ask that the sentence that you give to Mr. Shannon be sufficient not only to deter his further law violations, but be one that we can hold out to other D.C. employees as an example of what they can expect if they take bribes that undermine the integrity of the Court system.

Sincerely,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

BY: DAVE ROSENTHAL
Acting Chief, Criminal Section
Public Safety Division
727-6277